and Mr. Henderson may proceed. Thank you your honor and may it please the court my name is Peter Henderson I represent Jesus Ruiz and I do think this there are a number of issues here I guess the first I'd like to focus on is the basis of the district court's opinion which was harmless error and then move to I think the most important question which is what exactly was Mr. Ruiz convicted of but let me start with the harmless error question harmless error is about really the bottom line doesn't error affect the judgment and so if there's an erroneous jury instruction but the judgment would have been the same we call that a harmless error in this case the judgment has three counts of conviction or at the very least one count of conviction which the government agrees on that should is not a crime under federal law and as that's as a result of the invalidation of the residual clause in United States versus Davis and Johnson and so the judgment is is wrong there there is no harmless error here the the judgment would have been different had the error been corrected so the district court erred in that respect and there are two aspects under section 2255 be when we have an error if a sentence was unlawfully imposed the district court shall vacate and set the judgment aside so that's mandatory the second part is discretionary the question really is remedy what does the district court then do and it has a number of options it shall discharge the prisoner or resentencing or grant a new trial or correct the sentence as may appear appropriate and that's what the district court should have done here is determine uses reason discretion to determine what course to take so for example we all agree that count nine which charged the 924 C conviction in relation to a conspiracy is an unconstitutional conviction that sentence that the sentence on that count was five years because that was the first 924 C conviction the sentences on the two other counts were 20 years because they were second 924 C convictions so even if you agree with everything the government says on the merits the district court should at the very least adjust the sentences on one of the other 924 C convictions because we're getting rid of the five-year sentence and so there's no first conviction left and so the total of 45 years should be reduced to 25 years not to 40 years but all of that is to say that the district court has discretion to determine what the appropriate remedy is and it went wrong here and just saying this is harmless error because the judgment was affected and that that's what the harmless error test talks about mr. Henderson can I can I ask you to address the concurrent sentence doctrine I you know you you know it well it's it is doctrinally you know just distinct by its terms because we're not dealing with a concurrent sentence here we're dealing with the consecutive sentences but when I look at our courts opinion in the Ryan case from 2012 what I wonder about is how your position on harmless error here can be correct and our panel decision in Ryan also be correct well so I think that there are two things involved one is what do we do with the conviction with a consecutive sentence and I think that needs to be vacated because what Ryan lays out especially in the earlier panel opinion before it went to the that is you know it's either you sustain it or you get rid of it I think what Ryan is talking about really is the remedy is that second part of 2255 and so if the district court were to decide this has no impact on my sentence I you know I because it's all part of one sentencing package I'm going to exercise my discretion to correct the sentence as may appear appropriate and in this case that means I vacate the conviction I leave everything else the same that's that's a different story and that would be reviewed for abuse of discretion and we'd hope to make our best arguments as to why the court shouldn't do that but wasn't wasn't governor Ryan arguing with respect to the mail his mail fraud convictions and there were a half dozen of them or so he was all we did was say well it is important to make sure that two of them can stand because of the Rico predicate rule but beyond that we don't need to conduct a review of them because of the concurrent sentence doctrine and the concern that I have of course you can you can see it if you just go a couple of steps ahead is in a circumstance where mr. Ruiz you know faces a statutory mandatory life sentence whether the in the reasoning of Ryan doesn't map over to make the to make these errors harmless so I despite I must say the strength of your substantive presentation mr. Henderson on the merits of this right and I so I think it does matter the difference between consecutive and concurrent part of the point of our argument is that mr. Ruiz under section 2255 has one shot to vacate these convictions and what we don't want to happen is what happened to Stacey Haynes where you get rid of somehow you get rid of the mandatory life sentence maybe that comes 10 years down the line but if you still got these 45 years on your sentence then you're still suffering a consequence and so in governor Ryan's case they were all the convictions were were appropriate but in this case we've got a real problem given the limitations of federal habeas review that if we don't vacate these convictions and correct the sentences now there's a there's on the next you know change in the law we're gonna come in and the government's gonna say well it's it's it's you know not prejudicial because he's still got 45 years more to go after this sentence so you know I think the concerns that that the Supreme Court laid out in Ciberon are important about making sure we correct errors at the appropriate time instead of leaving it to another day but I think that to answer your question directly that the main difference really is this is a consecutive sentence and we have a lot less certainty about the prejudicial effect of these sentences in the future than we would have been in governor Ryan's case on so on the merits itself we have sort of a different harmless error question because essentially the government argues that well section 924 C criminalizes just possessing a firearm and furtherance of the crime of violence and we could have charged this case differently and so the error is harmless but the government has helped to the crime of conviction that it charges and that approves that trial through a jury verdict that's guaranteed by the due process clause and we can't using harmless error review upgrade mr. Ruiz's prior convictions under section 924 C into different convictions that would amount basically to a directed verdict for the government and so on count 10 mr. Ruiz was convicted by a jury of section 924 C relating to simple kidnapping that's how the jury was instructed it's even clearer on count 11 because both the indictment charged and the jury was instructed to find mr. Ruiz guilty on simple assault you know it's it's a very similar thing to what we pointed out in our reply brief if you charge one crime and this is one crime because section 924 C requires that you incorporate the elements and charge the elements of the underlying crime so where you charge one crime you can't on appeal say well that crime is unconstitutional but in fact the facts show under harmless error view that he committed a more serious crime and so I'll affirm that way. So Mr. Henderson just on the kidnapping for a minute count 10 looking back to count 7 the government's position is that I don't have the indictment in front of me but as I recall the indictment does mention that a death resulted from the kidnapping the jury instructions I think you're right do not instruct that that's something the jury had to find so I don't know whether you're getting into a Mathis kind of discussion about what's an element and what's just a you know some some lesser thing which which tells us that that it wasn't the the death results part of the kidnapping statute but how do you answer the government's argument that when you look at both the indictment and what the proof showed you you can see the more serious crime is there. Right so Mathis requires that we determine what crime the so count 10 is a tougher question than count 11 because of that language in the indictment but it's well established that the government gets to pick how it goes to trial and what it proves at trial and it can always prove a subset of allegations you know you don't have to allege everything in an indictment and there are sometimes allegations that aren't elements and so the real question under Mathis and I think under Haynes you'll see we look both to the indictment and to the jury instructions because the government is always permitted to proceed on a subset of the allegations in the indictment so long as you know you can prove less you can't prove more but you can prove less so I think that that's why the jury instructions are important here but I agree with you that it's a closer call than on count 11 just given that count 11 charged only a simple assault there's there's no allegation of aggravated assault. With regard to the assault on a federal officer didn't that charge a violence in the instruction? No so the district court directed the jury to find that it was a crime of violence but apart from that it just gave the elements of simple assault under section 111a which the courts of appeals have almost universally said is is not categorically a crime of violence so we don't look to the facts you know what whether whether this particular case involved violence or not is really irrelevant. Judge can I ask Mr. Henderson one more question just to get the benefit of your so what what's what I struggle with in this case is these questions about what qualify as a crime of violence or not especially when we start down the path of the modified categorical approach and you start now should we go with the jury instructions or should we look at what this ultimate sentence was you know this gets really really hard and we're in all around us the answers just aren't aren't clear and these are these are tough questions so what I wonder about Mr. Henderson is your view on whether whether and how that should inform our harmless error analysis in terms of avoidance because I hear you on the prospect that the law can change but on this fact pattern unfortunately you know your client faces a situation where it would have it would have to change in probably multiple ways to result in seven debt in seven can life sentences right being vacated and so that's where I start to wonder this seems like it that is such a long shot that maybe that should and we would otherwise prefer you know to avoid answering hard questions before we have to I just like to get the benefit of your reaction to that right I I understand that concern I guess the first thing that comes to mind is that the law has changed every single one of his sentences is unconstitutional at this point now some of them the the change is not retroactive as applied on on collateral review all it would take is congress saying you know our prisons are too full booker applies retroactively go back to court and and that's it so I I don't think that there's a number of obstacles because the law has changed and all of the sentences are already cost unconstitutional um and I I think frankly that's a good reason for the district court to exercise the discretion and authority it has under section 2255 to say let's hold a re-sentencing and it may be that I find that a life sentence is appropriate but at least this sentence is going to be in accordance with the constitution rather than defer defer defer because again the procedural hiccups that you know well with 2255 2241 uh it it just makes sense to resolve these sorts of claims right now and if the most that Mr. Ruiz gets out of this is one conviction's gone uh 20 years are off your sentence and you're still stuck that's at least a step forward in the process so that we're not continually re-litigating the same issues under a sort of uh deference to uh you know not not deciding things that maybe don't have a practical impact now thanks thank you Mr. Good afternoon and may it please the court. Andriana Kostanek on behalf of the United States. The district court properly denied habeas relief to the defendant. He received seven life sentences two of which were mandatory. The district court had no discretion but to sentence him to life imprisonment and if this case were remanded to the district court for re-sentencing the same sentence would result as a result of those mandatory life sentences. But it wouldn't be the same sentence Ms. Kostanek. It would potentially be a sentence that didn't have a consecutive 45 years and I have to say there are two perspectives that make me think that is significant one of which Mr. Henderson has alluded to um we're in a time of very interesting criminal justice reform. We've seen uh the Fair Sentencing Act. We've seen the First Step Act. We've seen a serious discussion in the country about the length of sentences. I don't have a crystal ball but it seems to me um conceivable on a bipartisan basis that Congress might do something which point that 45 consecutive years becomes important. Mr. Henderson also points out in his brief a number of collateral consequences of those particular three convictions counts 9, 10, and 11 on Mr. Ruiz's situation in prison. Somebody with a 924 you know several 924c uh convictions. So I am quite disinclined to say oh you know what's another 45 years among friends if you already have seven life sentences um why have more than one life sentence? You know why why didn't they just you know just forget it on the others and and we and we don't do that. We sentence on each count of conviction uh and that's without even getting into the fact that were this case to come up today many of those sentencing decisions would be made under a significantly different framework. Yes your honor um if I may address that in two parts I'll start with the issue of there could be changes in the law that affect the legitimacy of this life sentence. As Judge Scudder noted in response to one of Mr. Henderson's points that that may be true in case where you're talking about one life sentence. This is seven life sentences two of which are mandatory and the idea that uh the court should entertain a challenge to those consecutive 45 year sentences when it would be quite uh far-fetched to imagine that all of those sentences go down the drain uh is in the government's position is is not consistent with this court's case law. It's particularly not consistent with the concurrent sentence doctrine and the thing with concurrent sentences as we had in Ryan um they're concurrent and so you could have 75 of them and it would be the same or you could have two of them or you could have anywhere in between these are whatever else they may be they're not concurrent sentences so you're asking for a new doctrine for us to make up by analogy to the concurrent sentence doctrine and with with what we've learned. Yes and we certainly recognize they're not concurrent sentences and that's not why the government you know cited the doctrine and it's brief it's because it's analogous and ordinarily consecutive sentences do matter if you have 20 year sentence on a drug count and then you know 924c counts that are consecutive of course there is going to be harmful error here when you have seven life sentences those consecutive sentences the nature of them gets subsumed within the life sentences and so in fact the life sentences are consecutive the life sentences are concurrent one assumes the only consecutive sentences are the 924 924c sentences and it's it makes a difference uh if you are convicted on eight counts or if you're convicted on 11 counts um it affects your your criminal record and I just you know the doctrine of as long as there's one life sentence then it's automatically harmless error for whatever other um sentencing or conviction errors are there is is not one that I find supported in the statute. Okay so what I meant about saying that they're subsumed within the life sentence is not that those life sentences themselves are consecutive the point is the defendant will spend the rest of his life in prison. Probably probably so as long as the United States stick with this longer is better criminal sentencing philosophy but if we should move to a different philosophy and Congress chooses to make it retroactive as they've done with some recent reforms we would be in a different position. Yes your honor theoretically except for the defendant has mandatory life sentences under 1203. I understand they I I know he's and and he could have had the death penalty for for the same thing I understand that but he in fact got the sentences that he did and I was talking about legislative change and so the the last I checked Congress is the authority when it comes to legislative change there's nothing fixed about this and so what the statute says 2255 doesn't have a separate set of rules for multi-count convictions it goes conviction by conviction he could have also had a conviction for drug dealing or something like that given the nature of of his collection business and that would have been separate and we don't deny relief just because somebody has a few life sentences I don't know of any case it said that I don't read the case law in the same way your honor I think habeas relief requires that the defendant prove prejudice and that's true whether you look at this as a procedural default or whether you look at it under a harmless error standard the court is not entitled to correct the same errors on habeas review as it is on direct review and so the defendant must establish prejudice he's not I read the but but you know 2255 which I'm looking at doesn't say that what it says is if if the sentence was imposed in violation of the constitutional laws etc it it doesn't say unless the court thinks it doesn't matter if it's an illegal conviction which thanks to Johnson 2015 and Davis this is it's an illegal conviction and I don't think that that can be reconciled with the court's opinion and Ryan which specifically declined to address each of those mail fraud because they were concurrent yes your honor but I don't think that it's necessarily because they were concurrent it was because why do you say that because the court specifically stated in that opinion that if it were to find that one or two or three of those convictions was invalid it would have no impact at the end of the day on the amount of time that the defendant served and that's an absolutely correct statement for a concurrent sentence yes and the government wouldn't matter if things changed if the whole world could turn inside out and that would still be true whereas that's not true with the consecutive sentence yes and and the government's position is that it is for all the reasons we've talked about because of these mandatory life sentences the number of life sentences the fact that he will never reach the the the time in which he will serve those 45 years all of that in the government's view makes this more similar to that concurrent sentence doctrine then why are you fighting so hard to keep count 10 and count 11 by your own account this is meaningless and the government is fighting tooth and nail to keep counts 10 and 11 what is it that you're getting out of this well your honor I think that the government's interest is in making sure that habeas relief is confined appropriately as it is by this court's prior case law to those limited and extraordinary circumstances in which collateral review is appropriate so the court does not have any discretion there is no authority to grant relief to this defendant under the habeas provisions where he cannot establish an impact ultimately on the time that he served your honor also made mention to the some collateral consequences as a result of those 924c convictions and the defense in his reply brief identifies things like you know he could be impeached in a future proceeding if he testifies he could for example be convicted of a 924c offense if he got his hands on a gun in prison and then committed a crime connection you know possessed or used that gun in connection with a crime of violence in addition to be being kind of far-fetched the you know the case law reflects that those are not collateral consequences that are considered to be within the realm of custody for purposes of the habeas statutes and for that reason the government's position is that those would not be collateral consequences like the special assessment for the same reasons as that special assessment that could remedy the harmlessness here please miss kistanak you're custody requirement with seven consecutive life sentences you can bring up you can bring up other things as long as you are in custody and he most certainly is but the question is whether those collateral consequences which also cannot form the basis of habeas relief can mean that the court addresses convictions in the absence of harmless or with where there's a harmlessness issue and brian that opinion says about special assessments holds true of these other collateral consequences as well which are not the proper scope of the habeas petition regarding the kidnapping predicate if i can turn briefly to the merits the defendant was convicted of aggravated kidnapping this is very clear from the jc as well as the oral imposition of sentence the district court specifically sentenced them to mandatory life in prison on that count which necessitated a finding granted pre-apprendee and pre-elaine but it necessitated a finding that the defendant was in fact guilty of the enhanced version of kidnapping if this court were to address i mean i agree with dredge scudder that this is these are difficult issues of how you determine for a pre-apprendee pre-elaine case i'll give you another minute to go ahead thank you your honor of how to address what that underlying crime is but we know that harmlessness applies to apprendee errors that the that this court can look at whether the jury could have convicted of him of kidnapping without convicting him of that aggravated offense finding that death resulted and the answer is absolutely not and that's true not only because of the facts and the testimony but most significantly as this court noted in a prior appeal so in appeal 14 dash 2256 involving ruiz in its order the court noted that the jury found that death resulted from the kidnapping in the context of the rico count so a predicate for the rico conspiracy was felony murder of estrada and so necessarily the jury found that in that context and it means have to go further though and find that the death resulted from a use of force the government doesn't believe it it does the government's position is although that use of force is not an explicit element uh that where you have a kidnapping that is willfully done as it's ransom or a reward and death results from it the causation requirement means that that death is resulting from the use of force as part of the kidnapping let me ask you this hypothetical i know we're over time suppose the kidnappers have been driving down the dan ryan expressway observing the speed limit you know taking all care as they are heading off toward indiana and all of a sudden a drunk driver appears from nowhere crashes into the car the car burns up and the kidnapping victim is killed so in my hypothetical the kidnappers are not engaged even in reckless activity they're just subject to one of those risks that any driver has who is out there on the interstate highways so there's a kidnapping death resulted but no link and no use of force so is that something that the statute would cover in your view well i think that there's a series of imaginative hypotheticals that's not imaginative though people die in the tan right and every year uh that's why i choose that example i think it's more realistic than the asphyxiation examples or the like you can be driving down the road and a different driver we've all seen them zipping around on the highways can cause your car to get into a crash and regrettably um people die in those crashes with some regularity they're like little posters that illinois puts up in the highways every year you know a thousand people died this year in the illinois roads so i think that there's two questions there one is whether that would satisfy the cause element of 1201 the barrage the supreme court and barrage addressed that death results language from 841 and says that causation requirement means that it must have resulted from the actions the plan of the defendant and and it imposes a but for causation requirement as to part of it if there's an independent cause issue and i i you know i think that there's a factual question of whether that your hypothetical meets those requirements but even so at the very least that would be recklessness by placing that individual into the circumstances in which they could do harm during the kidnapping and of course that raises the issues that are currently under consideration by the supreme court and we don't have an answer to that at this moment but the government's position is that the recklessness would suffice as well so it's automatically reckless to put somebody in a car then no that's not what the government is saying however by transport you know that you're inveigling decoying confining an individual in violation of the statute for the purpose of somebody in a car that is a course of events that you've engaged in for the purposes of kidnapping somebody and then put placing them into a position where they are harmed actually to the point of death the government's position is at the very least that would be recklessness and that would suffice thank you your honors and we would ask that you affirm the judgment of the district court mr henderson i'll give you another minute to if you have anything further thank you your honor i just have one one thought to share and i think we have a fundamental agreement or disagreement about the district court's authority under section 2255 and the court has already decided this issue after bailey in the 90s we cite a number of cases in our opening brief on page 51 where the court says if you grant relief if if if a section 924 c and discretionary in terms of discretionary terms the district court has the authority to reopen the whole sentence it doesn't have to that that mandate in section 2255 b is discretionary and so the court can just correct the sentence as may appear appropriate that's not necessarily resent suppose you're right about that mr henderson and i i think you're reading the case law is correct but isn't the how do you respond to the point of okay at that resentencing though the statutory mandatory life sentence on two of the counts would be required to be imposed i well i disagree with that as as a matter of law because at resentencing you have to adhere to the constitution and so the constitution says that a jury must make findings to justify those mandatory life sentences and so i the the court would be authorized to impose life but it would not be mandatory it's it's different than harmless error once the sentence has been imposed yeah you'd be saying it's not a retroactive application of apprending a lien it's a present tense application is your point exactly right exactly right so thank you thank you very much for your time thanks to both counsel uh the case will be taken under advisement and the court will be in recess